OPINION
Appellant Jeffrey Billman appeals the decision of the Licking County Court of Common Pleas that found him guilty of two counts of child endangering. The following facts give rise to this appeal.
On October 21, 2000, Appellant Jeffrey Billman, his wife, Virginia Billman, and their four children met friends for a Halloween celebration. The party proceeded to the residence of Erin Herd. At approximately 12:30 a.m., the adults decided to go to the Pioneer, a local bar, located approximately one and one-half miles from the Herd residence. The two youngest children, Ashlyn, age four and C.J., age eight, were already asleep when the adults left to go to the Pioneer. The two older children, Melissa, age nine, and Allen, age eleven, were watching videos. Prior to leaving, the adults left a cell phone telephone number with Allen so he could call if he needed them.
The adults, including appellant, stayed at the Pioneer Bar for approximately thirty to forty-five minutes. They returned to the Herd residence to check on the children. At approximately 2:30 a.m., the adults left the Herd residence again and went driving around the area on back roads. The adults returned to the Herd residence at approximately 4:30 a.m. Virginia Herd was intoxicated. Once back at the Herd residence, an argument ensued among the adults. Erin Herd asked Virginia Billman to leave her residence. Virginia Billman called a friend, Tiffany Miller, and asked her to pick her up at the Herd residence.
Due to the arguing, Virginia Billman decided to leave the Herd residence, with her four children, and begin walking in the direction that Tiffany Miller would be coming from to give them a ride. At the time Virginia Billman left the Herd residence, it was approximately fifty-five degrees outside. The children were not wearing coats and a couple of them were in their bare feet. Approximately one hundred yards from the Herd residence Officer John Grover, from the Utica Police Department, encountered Virginia Billman and her children. Officer Grover placed the children in his cruiser, to keep them warm, while he talked to Virginia Billman. Within minutes, Tiffany Miller arrived to give them a ride. Officer Grover decided to place appellant under arrest. A scuffle ensued in Erin Herd's driveway which resulted in both Virginia Billman and Officer Grover falling to the ground.
Following this incident, on November 27, 2000, appellant was charged with four counts of child endangering. On December 12, 2000, appellant appeared before the trial court and entered pleas of not guilty to each of the counts. On February 2, 2001, counsel for appellant informed the trial court that he intended to enter pleas of no contest to two of the counts with the understanding that the state would dismiss the remaining two counts. The trial court accepted appellant's plea and dismissed the remaining two counts. The trial court sentenced appellant to thirty days suspended jail time on each count and placed appellant on probation.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I
Appellant claims, in his sole assignment of error, that he received ineffective assistance of counsel because his counsel permitted him to enter a plea of no contest to two of the counts of child endangering thereby failing to preserve the issue of sufficiency of evidence for purposes of appeal.
Prior to addressing the merits of appellant's appeal, we begin by noting that appellee did not file a brief in this matter. Appellant's brief reflects proof of service on the Licking County Prosecutor on April 16, 2001. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v. Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported and Chowdhury v. Fitzgerald (Mar. 27 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues.
Appellant raises the issue of ineffective assistance of counsel in his sole assignment of error. We will not address the merits of this assignment of error. Instead, we have reviewed the transcript of the proceedings in which appellant entered his plea of no contest to two counts of child endangering. Although not specifically stated on the record, it is evident that appellant entered his no contest pleas on the basis that his spouse, Virginia Billman, had just been found guilty of the same charges as it pertained to two of their younger children. Neither the state nor defense counsel indicated, on the record, that appellant decided to enter the pleas of no contest based upon the evidence presented during Virginia Billman's trial. However, in reading the transcript of the proceedings, it is clear that appellant's decision to plead no contest was based upon the evidence presented by the state during Virginia's Billman's trial.
Having concluded, in the appeal filed by Virginia Billman in case number 01 CA 24, that the state failed to present sufficient evidence to find Virginia Billman guilty of child endangering, we must reach the same conclusion in the case sub judice.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed.
Hon. Julie A. Edwards, P. J. Hon. W. Scott Gwin, J. and Hon. John W. Wise, J. concur.